FILED

APR 10 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CHRISTINE S. HSIA,<br><br>      Debtor.<br>_____ | Case No. 12-24039-A-7 |
| HELAI M. EWAIS,<br><br>      Plaintiff,<br><br>vs.<br><br>CHRISTINE S. HSIA,<br><br>      Defendant. | Adv. No. 12-2241<br><br>Date: April 4, 2013<br>Time: 9:30 a.m. |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This adversary proceeding was heard by the court on April 4, 2013. It concerns the dischargeability of a debt, previously established in state court, arising from a theft of the plaintiff's personal property. Based on the following facts and conclusions, a separate judgment declaring the debt non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) will be entered.

///

///

Findings of Fact

1. On November 21, 2008, while shopping at Macy's, plaintiff Helai M. Ewais laid her cellular phone to which was attached her car and house keys and a solid state computer drive on a cash register counter while making a purchase.

2. Defendant Christine S. Hsia also was shopping at the same Macy's. She saw the phone, keys and drive unattended on the counter and she took them. Despite admitting to feeling ashamed after taking these items, the defendant kept the phone and took it home. She realized that this was "wrong."

3. While the defendant testified that she left the keys and the drive on the counter and took only the phone, the keys and the drive, not just the phone, were never recovered by the plaintiff. The plaintiff almost immediately realized that her property was missing and, with the help of store employees, searched the area where she had been shopping for approximately two hours. The phone, keys, and drive where never recovered.

4. The court infers, based on the admission that defendant took the phone and the failure of the plaintiff's search to locate her property, that the defendant discarded the keys and the drive but kept the phone. The defendant did not put the keys and the drive back on the counter.

5. The loss of the phone, keys, and computer drive resulted in significant monetary losses to the plaintiff which are enumerated in paragraph 7 of her alternative direct testimony declaration. See Local Bankruptcy Rule 9017-1. The losses totaled $11,677.75.

///

6. The single largest element of the losses was $9,969.50 for business plans and data which were stored on the computer drive.

7. Approximately five months after the defendant took the phone and discarded the keys and the drive, the police arrested the defendant for the theft. The defendant pleaded nolo contendere to this charge and was convicted of grand theft.

8. On December 17, 2010, the plaintiff sued the defendant in state court. Her complaint contained two alternative theories of recovery: negligent taking of the plaintiff's property; and intentional theft of that property. The plaintiff sought $52,285.28 in general and special damages.

9. The defendant was served with the state court summons and complaint. Even though her attorney filed a preemptory challenge to the judge assigned to the case, the defendant did not then file a responsive pleading.

10. Before a default judgment could be entered, however, the defendant filed a chapter 7 bankruptcy case. The bankruptcy court modified the automatic stay to permit the parties to return to state court to liquidate the debt and conclude the suit. The defendant again failed to respond to the suit or to ask that her default be vacated.

11. The state court entered a default judgment against the defendant on February 1, 2013. The plaintiff was awarded special damages of $11,677.75, as well as general damages of $15,000.00, a total of $26,577.75. The judgment indicates that it is "based upon the tort of conversion." However, the state court made no detailed findings and conclusions, either in writing or orally

and on the record.

Conclusions of Law

1. Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to . . . the property of another entity." The requirements that an injury be "willful" and "malicious" are distinct requirements. See Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002).

2. An injury is malicious when caused by "(1) a wrongful act, (2) done intentionally, (3) which necessarily cause injury, and (4) is done without just cause or excuse." See Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997); Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). The injury here was malicious.

3. The defendant admits taking the plaintiff's property even though she knew doing so was wrong. The defendant's theft was intentional and without any cause or excuse. Taking property knowing that it belongs to someone else, necessarily causes injury to its owner.

4. The only argument raised by the defendant is that she did not keep the keys and the computer drive. She intended to keep only the phone. This argument is without merit. She took all of the property knowing that it was not her property. She then discarded the keys and the drive, permanently depriving the plaintiff of this property. And, even though the police eventually returned the phone to the plaintiff, she was deprived of its use for 5 months and had replaced it by the time it was recovered. This was a malicious injury.

5. As for the willfulness element of section 523(a)(6), an injury inflicted intentionally and deliberately, and either with the intent to cause the injury, or, in circumstances in which the injury was certain or almost certain to result from the defendant's act, is a willful injury. Put differently, the defendant must desire the consequences of her act or at least believe that injurious consequences are substantially certain to result from her conduct. See Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002).

6. The defendant here argues that she did not intend to cause an injury of the magnitude suffered by the plaintiff. She thought she was taking a phone, some keys, and a small computer drive. The defendant maintains that she could not have reasonably anticipated that valuable information would be on the computer drive.

7. However, the fact that the defendant did not appreciate the value of the property at the time of the theft, or at any other time, does not change the fact that she intended to deprive the plaintiff of her property. Whatever it was worth, the defendant knew her theft was depriving the plaintiff of the property. The defendant intended this injury. Therefore, it was a willful injury.

8. As noted above, the plaintiff obtained a default judgment against the defendant in state court. That judgment, under California law, precludes relitigation of issues necessarily decided by the state court in litigation between the same parties in bankruptcy court. See Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995); Williams v.

Williams (In re Williams' Estate), 36 Cal.2d 289 (1950).

9. Despite the entry of the state court judgment, this court did not preclude the defendant from litigating whether the conversion of the plaintiff's property was a willful and malicious injury. It has done so because the record from the state court is unclear as to whether it concluded the conversion was negligent or intentional. Both theories were pleaded and the judgment states only that liability is based on the tort of conversion. Under California law, when someone deprives an owner of his or her property, whether mistakenly or intentionally, an action for conversion will lie. See Poggi v. Scott, 167 Cal. 372, 375 (1914); Burlesci v. Petersen, 68 Cal. App.4th 1062, 1066 (1998) (describing conversion as a "strict liability" tort). Therefore, this court permitted the issue to be litigated and it has independently determined that the defendant committed a willful and malicious injury to the plaintiff.

10. However, the state court judgment is preclusive on one issue. It determines the amount of the plaintiff's injury. The value of the property and the damage its theft caused the plaintiff were issues in both cases. The defendant had an opportunity to address these issues in state court but failed to do so. The state court clearly determined the issues. So, the doctrine of issue preclusion prevents the defendant from now belatedly contesting these issues.

11. Based on the determination of the state court, the theft proximately caused the plaintiff damages of $26,577.75. This sum cannot be discharged in the defendant's chapter 7 case.
///

Counsel for the plaintiff shall lodge a conforming judgment within 14 days.

Dated: 10 April 2013

By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

George Smithwick
18 Crow Canyon Ct #380
San Ramon, CA 94583

David Smyth
3478 Buskirk Ave., #1000
Pleasant Hill, CA 94523

Dated: April 10, 2013

*/s/ Susan C. Cox*
Susan C. Cox
Judicial Assistant to Judge McManus